# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LLOYD W. BAILEY,<br><br>C. ROBERT CLARKE, and<br>JOANNE CLARKE, and<br><br>BARRY S. STRAUCH, and<br>EVELYN M. STRAUCH,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | FILED<br>MAR 26 2007<br>U.S. COURT OF FEDERAL CLAIMS<br><br>07-204 T<br>CIVIL NO.________<br><br>JUDGE________ |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiff Lloyd W. Bailey ("Bailey") is a citizen of the United States of America. Mr. Bailey's address is 3813 Hawthorne Road, Rocky Mount, NC 27804.

2. Plaintiffs C. Robert Clarke and Joanne Clarke ("the Clarkes") are citizens of the United States of America. Their address is 4861 Memory Lane, Shingle Springs, CA 95682.

3. Plaintiffs Barry S. Strauch and Evelyn M. Strauch ("the Strauchs") are citizens of the United States of America. Their address is 1468 Evans Farm Drive, McLean, VA 22101.

4. The Defendant is the United States of America.

5. This is a suit arising under sections 7422, 6401, 6402, 6224, 6226, 6230 and §6621(d) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

6. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

**BAILEY**
**COUNT ONE**
**(Calendar Year 1987)**

7. Bailey filed his federal income tax return for calendar year 1987 and paid the taxes reported due on that return. His taxpayer identification numbers as reflected on that tax return is XXX-XX-2936.

8. Bailey was a limited partner in Dillon Oil Technology Partners (the "Partnership" or "Dillon"), which was one of the partnerships in the "Elektra" project.

9. September 10, 2004, Bailey filed with the IRS a claim in the amount of $20,613.00 for refund of tax for 1987 and a request for §6621(d) interest netting in an amount to be determined.

10. The claim for refund is due to the loss Bailey realized on the worthlessness and termination of Dillon pursuant to Rev. Rul. 93-80. That loss was omitted from his original 1987 return. More specifically, a refund is due to Bailey because:

A. Dillon was a partnership which was the subject of §6226 Tax Court litigation. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

---

[1] References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

B. The related Tax Court cases – docket numbers 21530-87 and 16768-88 – resulted in a disallowance of the Partnership's losses, tax liabilities in the disallowance years (here 1983 and 1984) and recognition of phantom income. The IRS has sent Bailey reports reflecting the 1983 and 1984 adjustments.

C. As a direct consequence of the adjustments the partners, including Bailey had a substantial basis in the partnership interest and a resulting loss upon the worthlessness, abandonment, dissolution, or termination of their partnership interest. That loss is the grounds for this claim for refund. The final basis is equal to the partner's cash invested plus phantom income reported because no losses or deductions were allowed in any year.

D. The resulting basis has been computed as follows:

| | |
|---|---|
| Cash Invested and Unrecovered | $ 37,500.00 |
| Partner's % of Positive Income Tax Court Decisions Recognized in 1983 and Later: | $ 21,519.10 |
| Total Resulting Basis | $ 59,019.10 |

E. In the AMCOR partnership cases, the partners were advised that the IRS agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the adjustments to the partnership losses. A notice was sent from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the taxpayers did not sell their partnership interest, this claim is based on the same increase in basis the IRS recognized as a loss upon worthlessness, abandonment, dissolution, or termination of the partnership interest in that other case.

F. However, Bailey is claiming an ordinary loss under Rev. Rul. 93-80. Bailey received no distribution of cash or marketable securities or relief of any partnership debt; therefore, there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

G. Alternatively, if the ordinary loss is not allowed, then Bailey is allowed capital losses in 1987, 1988 and 1989 resulting in refunds of $153.00, $1,582.00, and $15,071.00, respectively.

H. The increase in Bailey's basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. Bailey's claim was timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision as instructed by an IRS Regional Counsel Memorandum regarding the nature and timeliness of this type of claim in another group of partnership cases. It is also being filed consistent with the IRS's instructions issued in the AMCOR partnership cases.

J. Bailey also requests that the government apply §6621(d) to the extent of equivalent amounts of underpayments or overpayments for the periods from April 15, 1988, to the date to which interest was paid on the 1983 and 1984 deficiencies, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1983 and 1984 liabilities, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on those deficiencies. Section 5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d).

11. This suit is timely filed within two (2) years after the IRS disallowed Bailey's 1987 claim, and alternative claim.

12. Bailey is the sole owner of his claim asserted herein against the Defendant and has made no assignment of said claim.

**CLARKE**
**COUNT TWO**
**(Calendar Year 1987)**

13. The Clarkes filed a timely joint federal income tax return for calendar year 1987 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-0750 and XXX-XX-5735, respectively.

14. C. Robert Clarke was a limited partner in Drake Oil Technology Partners (the "Partnership" or "Drake"), which was one of the partnerships in the "Elektra" project.

15. September 10, 2004, the Clarkes filed with the IRS a claim in the amount of $19,161.00 for refund of tax for 1987 and a request for §6621(d) interest netting in an amount to be determined.

16. The claim for refund is due to the loss the Clarkes realized on the worthlessness and termination of Drake pursuant to Rev. Rul. 93-80. That loss was omitted from their original 1987 return. More specifically, a refund is due to the Clarkes because:

A. Drake was a partnership which was the subject of §6226 Tax Court litigation. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. The related Tax Court cases – docket numbers 21530-87 and 16768-88 – resulted in a disallowance of the Partnership's losses, tax liabilities in the disallowance years (here 1983) and recognition of phantom income. The IRS has sent the Clarke a report reflecting the 1983 adjustments.

C. As a direct consequence of the adjustments the partners, including the Clarkes had a substantial basis in the partnership interest and a resulting loss upon the worthlessness, abandonment, dissolution, or termination of their partnership interest. That loss is the grounds for this claim for refund. The final basis is equal to the partner's cash invested plus phantom income reported because no losses or deductions were allowed in any year.

D. The resulting basis has been computed as follows:

| | |
|---|---|
| Cash Invested and Unrecovered | $ 37,500.00 |
| Partner's % of Positive Income Tax Court Decisions Recognized in 1983 and Later: | $ 18,971.72 |
| Total Resulting Basis | $ 56,471.72 |

E. In the AMCOR partnership cases, the partners were advised that the IRS agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the adjustments to the partnership losses. A notice was sent from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the taxpayers did not sell their partnership interest, this claim is based on the same increase in basis the IRS recognized as a loss upon worthlessness, abandonment, dissolution, or termination of the partnership interest in that other case.

F. However, the Clarkes claim an ordinary loss under Rev. Rul. 93-80. The Clarkes received no distribution of cash or marketable securities or relief of any partnership debt; therefore, there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

G. Alternatively, if the ordinary loss is not allowed, then the Clarkes are allowed capital losses in 1987, 1988, and 1989 resulting in refunds of $2,868.00, $10,523.00, and $4,767.00, respectively.

H. The increase in the Clarkes' basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision as instructed by an IRS Regional Counsel Memorandum regarding the nature and timeliness of this type of claim in another group of partnership cases. It is also being filed consistent with the IRS's instructions issued in the AMCOR partnership cases.

J. The Clarkes also requested that the government apply §6621(d) to the extent of equivalent amounts of underpayments or overpayments for the periods from April 15, 1987, to the date to which interest was paid on the 1983 deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1983 liabilities, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on those deficiencies. Section 5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d).

17. This suit is timely filed within two (2) years after the IRS disallowed the Clarkes' 1987 claim, and alternative claim.

18. The Clarkes are the sole owners of their claim asserted herein against the Defendant and have made no assignment of said claim.

**STRAUCH**
**COUNT THREE**
**(Calendar Year 1987)**

19. The Strauchs filed a timely joint federal income tax return for calendar year 1987 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-7992 and XXX-XX-0777, respectively.

20. Barry J. Strauch was a limited partner in of Dillon Oil Technology Partners (the "Partnership" or "Dillon"), which was one of the partnerships in the "Elektra" project.

21. September 10, 2004, the Strauchs filed with the IRS a claim in the amount of $22,701.00 for refund of tax for 1987 and a request for §6621(d) interest netting in an amount to be determined.

22. The claim for refund is due to the loss the Strauchs realized on the worthlessness and termination of Dillon pursuant to Rev. Rul. 93-80. That loss was omitted from their original 1987 return. More specifically, a refund is due to the Strauchs because:

A. Dillon was a partnership which was the subject of §6226 Tax Court litigation. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim.

B. The related Tax Court cases – docket numbers 21530-87 and 16768-88 – resulted in a disallowance of the Partnership's losses, tax liabilities in the disallowance years (here 1983 and 1984) and recognition of phantom income. The IRS has sent the Strauchs reports reflecting the 1983 and 1984 adjustments.

C. As a direct consequence of the adjustments the partners, including the Strauchs had a substantial basis in the partnership interest and a resulting loss upon the worthlessness,

 R:\DOCS\TAXCONT.T\TGWC3237.EL1.wpd

abandonment, dissolution, or termination of their partnership interest. That loss is the grounds for this claim for refund. The final basis is equal to the partner's cash invested plus phantom income reported because no losses or deductions were allowed in any year.

D. The resulting basis has been computed as follows:

| | |
|---|---|
| Cash Invested and Unrecovered | $ 37,500.00 |
| Partner's % of Positive Income Tax Court Decisions Recognized in 1983 and Later: | $ 21,519.10 |
| Total Resulting Basis | $ 59,019.10 |

E. In the AMCOR partnership cases, the partners were advised that the IRS agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the adjustments to the partnership losses. A notice was sent from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. Therefore, since the taxpayers did not sell their partnership interest, this claim is based on the same increase in basis the IRS recognized as a loss upon worthlessness, abandonment, dissolution, or termination of the partnership interest in that other case.

F. However, the Strauchs are claiming an ordinary loss under Rev. Rul. 93-80. The Strauchs received no distribution of cash or marketable securities or relief of any partnership debt; therefore, there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

G. Alternatively, if the ordinary loss is not allowed, then the Strauchs should be allowed a capital losses in 1987 and 1988 resulting in refunds of $10,654.00, and $6,276.00, respectively.

H. The increase in the Strauchs' basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

I. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision as instructed by an IRS Regional Counsel Memorandum regarding the nature and timeliness of this type of claim in another group of partnership cases. It is also being filed consistent with the IRS's instructions issued in the AMCOR partnership cases.

J. The Strauchs also request that the government apply §6621(d) to the extent of equivalent amounts of underpayments or overpayments for the periods from April 15, 1988, to the date to which interest was paid on the 1983 and 1984 deficiencies, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1983 and 1984 liabilities, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on those deficiencies. Section 5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d).

23. This suit is timely filed within two (2) years after the IRS disallowed the Strauchs' 1987 claim, and alternative claim.

24. The Strauchs are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiff Lloyd W. Bailey prays for judgment against the Defendant the United States of America in the amount of $20,613.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs C. Robert Clarke and Joanne Clarke pray for judgment against the Defendant the United States of America in the amount of $19,161.00 , plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiffs Barry S. Strauch and Evelyn M. Strauch pray for judgment against the Defendant the United States of America in the amount of $22,701.00, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Sallie W. Gladney
Texas State Bar No. 00787546
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
**ATTORNEY FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**
Teresa J. Womack
Texas State Bar No. 00788707
Thomas E. Redding
Texas State Bar No. 16661300
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

September 10, 2004

**PRIORITY CERTIFIED MAIL**
**# 7002 3150 0005 7422 4392**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Atlanta, GA 39901

RE: **Lloyd W. Bailey (SSN [redacted])**
Form 1040X, Amended U.S. Individual Income Tax Return, for 1987
With Alternative Claims for 1987, 1988, 1989 and 1996
Form 843 requesting §6621(d) relative to above year refunds
Form 8822 Change of Address for 1987, 1988 and 1989

Dear Sirs:

Enclosed is the above refund claims to be filed for my clients.

The claim is timely based on the loss incurred on a partnership interest resulting in a tax loss equal to the resulting adjusted basis as determined due to a TEFRA Tax Court case brought under I.R.C. §6226, and is timely filed as a claim under §6230(c)(1)(B) and §6230(c)(2)(B). See Exhibit A - the analysis in the attached excerpts from Regional Counsel memorandum regarding similar "basis" adjustment "affected item" claims regarding partnerships unrelated to those in this claim.

Please expedite the processing of these claims and if possible apply them as a direct offset to the taxpayers' 1982, 1983 and 1984 tax deficiencies in accordance with I.R.C. §6402, as the legislative history to I.R.C. §6621(d) advises the IRS to try to do where practicable.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Sallie W. Gladney

Sallie W. Gladney

SWG:mcs

Enclosures - Form 2848 Power of Attorney
Exhibit A - Excerpt from Regional Counsel Memorandum
Forms 1040X Amended U.S. Individual Income Tax Return
Form 843, as protective interest netting claim
Form 8822 Change of Address

Exhibit A

R:\DOCS\CORRESP.Q\QGWL9104.BA1.wpd

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date ____

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lloyd W. Bailey<br>3813 Hawthorne Road<br>Rocky Mount, N.C. 27804 | [redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here LWB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☑

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] Nov 10, 2003

Signature | Date | Title (if applicable)

LLOYD W. BAILEY

Print Name

Signature | Date | Title (if applicable)

Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 12/1/03 |
| A | Texas | [signature] Sallie W. Gladney | 12-1-03 |
| A | Texas | [signature] Teresa J. Womack | 12/1/03 |

Form **2848**
(Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date / /

**Part I** Power of Attorney (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LLOYD W. BAILEY<br>3813 HAWTHORNE ROAD<br>ROCKY MOUNT, NC 27804 | [redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| DAVID OETTINGER, JR.<br>PO BOX 8346, ROCKY MOUNT, NC 27804 | CAF No. 5000-[redacted]89674R<br>Telephone No. 252 451-1900<br>Fax No. 252-451-0302<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>W. Robert Jones<br>Po Box 8346, Rocky Mount, NC 27804 | CAF No. 5000-45766R<br>Telephone No. 252-451-1900<br>Fax No. 252-451-0302<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No. ______<br>Telephone No. ______<br>Fax No. ______<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| INCOME | 1040 | 1983, 1984 |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ______

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here ______ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**
ISA
STF FED4675F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box. . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lloyd W. Bailey (signature) — June 3, 2003

Signature — Date — Title (if applicable)

LLOYD W. BAILEY

Print Name

Signature — Date — Title (if applicable)

Print Name

## Part II Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| a, b | NC | (signature) | 6/3/03 |
| b | NC | (signature) | 6/3/03 |
| | | | |

Internal Revenue Service

# memorandum

CC:WR:RMC:DEN:TL-12532-90
AKHarbutte

date: January 6, 2000

to: Ogden Service Center, TEFRA Technical Unit
attn: Diana Anderson
Kansas City Service Center, Exam Support: TEFRA
attn: Jeanette Price

from: Regional Counsel, Western Region
Alice M. Harbutte, Special Trial Attorney, Denver

subject: Project Partnership: AMCOR
Subject: 6230(c) Claims for Refund
and 6404(e) abatement of interest

The purpose of this memorandum is to address some of the issues set forth in the refund claims that are currently being filed by the various Project partnership investors. We have been advised by the TEFRA Service Centers that approximately 2,000 such claims have been received to date. These claims encompass the following fours issues: 1) adjustments to basis of a partnership interest; . . . .

ISSUES

. . . .

2. Whether the Service should deny the Project investor's request for refund attributable to an adjustment in the basis of his partnership in interest. ["Basis" claim] . . . .

Exhibit A

Each of the different types of claims are discussed separately below.

"Basis" claim: Issue 2

The "basis" claims fall within the exception provided for at I.R.C. § 6230(c)(1)(B). This section provides that a partner may file a claim for refund on the grounds that the Secretary failed to allow a credit or make a refund to the partner "attributable to" the application to the partner of a settlement.

Time for Filing "Basis" Claim:

Under the provisions of I.R.C. § 6230(2)(B) as it pertains to a "basis" claim, the statute provides that any claim under paragraph (1)(B) shall be filed within 2 years after the date the settlement was entered into. I.R.C. § 6230(c)(2)(B)(i). Therefore, any claim requesting a refund with respect to gain that was reported by a Project investor on a Form 1040, for the year this investor sold his Project partnership interest (or otherwise disposed of such interest) must be filed within 2 years from the date the Form 870-P(AD) was signed on behalf of the Commissioner.

Merits of "Basis" Claim:

After determining whether or not a claim involving a basis adjustment was timely filed, the merits of the claim may then be looked at.

Under the terms of the Appeals settlement, the settled partner was required to report additional taxable income. This income was a result of the disallowance of a portion of the original partnership loss claimed by each partner. Therefore, the "basis" claim is "attributable to" the settlement of the partnership items and is an allowable claim under I.R.C. § 6230(c)(1)(B). Thus, a refund is proper, to the extent the taxpayer can substantiate the change in their basis in the partnership.

Substantiation of "Basis" Claim:

The Project investor must have settled their partnership items and must have paid the additional amount of tax required

under the settlement. Proof that the investor entered into a settlement is the fully executed Form 870-P(AD). The Form 870-P(AD) will show the year for which the additional liability was agreed to. The individual investor's transcript of account for this taxable year should show an assessment of tax being made as a result of a computational adjustment relating to the Form 870-P(AD). The partner's basis will be increased, under the provisions of I.R.C. 705, by the amount his taxable income was increased as a result of the settlement. To determine this amount, the computational adjustment, supporting schedules and the final computation that was mailed to the investor by the Service Center should be obtained.

CONCLUSIONS

If the "basis" claim is the only refund claim relating to the Project partnership being made by the investor, then the claim should be allowed after substantiation is provided. However, if this investor has filed other claims for refund relating to the same partnership, then these other claims must first be resolved before processing any refund. The reason for this is that the other related claims may affect the calculation of the partner's basis.

Form **1040X** (Rev. November 2003)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year** ▶ 1987 **, or fiscal year ended** ▶

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| LLOYD W. | BAILEY | [redacted] |
| If a joint return, spouse's first name and initial | Last name | Spouse's social security number |
| | | |

Home address (no. and street) or P.O. box if mail is not delivered to your home *(POA ATTACHED, FORM 2848)* Apt. no. | Phone number
c/o Thomas E. Redding; 2914 West T. C. Jester | 713-965-9244

City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. For Paperwork Reduction Act Notice, see page 6.
Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY*

**A** If the name or address shown above is different from that shown on the original return, check here ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? [ ] Yes [X] No

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [ ] Married filing jointly [ ] Married filing separately [X] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [ ] Married filing jointly [ ] Married filing separately [X] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 – 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 114,940 | (59,019) | 55,921 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 23,882 | 686 | 24,568 |
| 3 Subtract line 2 from line 1 | 3 | 91,058 | (59,705) | 31,353 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 1,900 | 0 | 1,900 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 89,158 | (59,705) | 29,453 |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Table | 6 | 25,776 | (20,613) | 5,163 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 25,776 | (20,613) | 5,163 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 25,776 | (20,613) | 5,163 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | 18,749 | 0 | 18,749 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 7,027 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 25,776 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | 25,776 |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 20,613** |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 20,613 |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Your signature Date Sept 3 2004 ▶ Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

| Preparer's signature ▶ | Date 8-23-07 | Check if self-employed [X] | Preparer's SSN or PTIN P00097501 |
|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code ▶ | BRETT A. THOMPSON, CPA | | EIN |
| | 20214 KINGSLAND BLVD, KATY TX 77450 | | Phone no. 713-965-9244 |

Form **1040X** (Rev. 11-2003)

***or such greater amount as is legally refundable, plus interest.*

ISA
STF FED3171F.1

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 – 31.
If claiming **fewer exemptions,** complete lines 25 – 30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you . . . . . . . . . . . . . . . . . | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 27 | | | |
| 28 | Other dependents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 . . . . . . . . . | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2003 | $3,050 | $104,625 |
| 2002 | 3,000 | 103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here . . . . . . . . . ▶ ☐

***** *Please See Explanation Attached* *****

To reflect outside basis loss on partnership pursuant to Rev. Rul. 93-80, omitted from the original return, as ordinary loss with alternative claim as capital loss. See attached explanation.

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . ▶ ☐

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lloyd W. Bailey<br>3813 Hawthorne Road<br>Rocky Mount, N.C. 27804 | [redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ........ ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LWB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

6

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . ▶ ☑

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lloyd W. Bailey — Signature | Nov 10, 2003 — Date | Title (if applicable)

LLOYD W. BAILEY — Print Name

Signature | Date | Title (if applicable)

Print Name

## Part II Declaration of Representative

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 12/1/03 |
| A | Texas | Sallie W. Gladney | 12-1-03 |
| A | Texas | Teresa J. Womack | 12/1/03 |

Form **2848** (Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____________
Telephone ____________
Function ____________
Date / /

**Part I** Power of Attorney (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LLOYD W. BAILEY<br>3813 HAWTHORNE ROAD<br>ROCKY MOUNT, NC 27804 | [redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| DAVID OETTINGER, JR.<br>PO BOX 8346, ROCKY MOUNT, NC 27804 | CAF No. 5000-[redacted]89674R<br>Telephone No. 252 451-1900<br>Fax No. 252-451-0302<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>W. Robert Jones<br>Po Box 8346, Rocky Mount, NC 27804 | CAF No. 5000-45766R<br>Telephone No. 252-451-1900<br>Fax No. 252-451-0302<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address | CAF No. ____________<br>Telephone No. ____________<br>Fax No. ____________<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| INCOME | 1040 | 1983, 1984 |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ____________

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ____________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] Signature — June 3, 2003 Date — Title (if applicable)

LLOYD W. BAILEY
Print Name

Signature — Date — Title (if applicable)

Print Name

**Part II** **Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| a, b | NC | [signature] | 6/3/03 |
| b | NC | [signature] | 6/3/03 |
| | | | |

**LLOYD W. BAILEY (SSN: [redacted])**
**EXPLANATION FOR 1040X FOR 1987 ORDINARY LOSS AND ALTERNATIVE CAPITAL LOSS FOR 1987, 1988, 1989 AND 1996 AND PROTECTIVE STATEMENT REQUESTING APPLICATION OF §6621(d)**

Pursuant to I.R.C. §6230(d)(5), the refund sought in this claim should have been refunded without the necessity of filing a formal refund claim.

Dillon Oil Technology Partners - 1982 (EIN: 84-0862763) was a partnership that was the subject of §6226 litigation. The related Tax Court cases – docket numbers 21530-87 and 16768-88 – resulted in a disallowance of the partnership's losses, tax liabilities in the disallowance years (here 1983 and 1984), and recognition of phantom income. The IRS has sent the taxpayers reports reflecting the 1983 and 1984 adjustments.

As a direct consequence of the adjustments the partners had a substantial basis in the partnership interest and a resulting loss upon the worthlessness, abandonment, dissolution, or termination of the partners' partnership interest. That loss is the grounds for this claim for refund. The final basis is equal to the partner's cash invested plus phantom income reported because no losses or deductions were allowed in any year.

The resulting basis has been computed as follows:

| | |
|---|---|
| Cash Invested and Unrecovered | $ 37,500.00 |
| Partner's % of Positive Income Tax Court Decisions Recognized in 1983 and Later: | $ 21,519.10 |
| Total Resulting Basis | $ 59,019.10 |

In another partnership case, the partners were advised that the IRS agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the adjustments to the partnership losses. A notice was sent from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. See Exhibit A. Therefore, since the taxpayers did not sell their partnership interest, this claim is based on the same increase in basis the IRS recognized as a loss upon worthlessness, abandonment, dissolution, or termination of the partnership interest in that other case.

However, the taxpayer is claiming an ordinary loss under Rev. Rul. 93-80. Excerpts attached as Exhibit B. The partners received no distribution of cash or marketable securities or relief of any partnership debt; therefore, there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

Alternatively, if the ordinary loss is not allowed, then the taxpayer (i) requests an explanation as to why ordinary treatment under Rev. Rul. 93-80 has been denied, and (ii) should be allowed a capital loss and be refunded the following amounts:

| Year | Refund |
|---|---|
| 1987 | $ 153.00 |
| 1988 | $ 1,582.00 |
| 1989 | $ 15,071.00 |

The increase in the taxpayer's basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

This claim is timely pursuant to I.R.C. §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision. See Exhibit C, excerpts from an IRS Regional Counsel Memorandum regarding the nature and timeliness of this type of claim in another group of partnership cases. It is also being filed consistent with the IRS's instructions issued in those other partnership cases. See Exhibit A.

This claim also constitutes the taxpayer's request that the refund(s) be directly applied to any 1982, 1983 and 1984 liabilities. If not, then this is the taxpayers' protective request that the Secretary apply §6621(d) to the extent of equivalent amounts of underpayments or overpayments for the periods from April 15, 1988, to the date to which interest was paid on the 1982, 1983 and 1984 deficiencies, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1982, 1983 and 1984 tax liabilities, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on those deficiencies. Section 5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d).

Exhibits:
- A - Copy of IRS notice re: refund claims
- B - Excerpts from Rev. Rul 93-80
- C - Excerpts from Regional Counsel Memorandum Regarding Timeliness of Basis Adjustment Claims

# AMCOR CLAIM INSTRUCTIONS

A claim may be filed to reflect the increase in your basis due to the sale of the partnership interest. In addition to the appropriate form, please send a copy of the tax return for the year in which the sale of the partnership interest was reported. If there is a capital loss carryover issue (you already reported a $3,000 loss on Schedule D), we will need a claim for the year(s) that the loss was carried to. Include a copy of any examination reports that reflect the amount of losses disallowed or income increased.

In order to identify the claim as "AMCOR", please annotate the top of the 1040X with the following:

**AMCOR Claim --forward to TEFRA Operation Stop 639**

Send claims to:

BIRSC
PO Box 630
Holtsville NY 11742
Attn: TEFRA Operations
Stop 639

4/22/02

EXHIBIT "A"

EXCERPTS FROM REV. RUL. 93-80

26 CFR 1.731-1: Extent of recognition of gain or loss on distribution. (Also §§165, 741, 752, 1011.)

Abandonment or worthlessness of a partnership interest. A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in § 751(b) of the Code). Rev. Rul. 70-355 clarified and superseded; Rev. Rul. 76-189 revoked.

REV. RUL. 93-80

ISSUE

Is a loss incurred on the abandonment or worthlessness of a partnership interest a capital or an ordinary loss?

In Rev. Rul. 70-355, 1970-2 C.B. 51, a taxpayer paid cash for an interest as a limited partner in a partnership, and the taxpayer's capital account was credited with an amount less than the cash paid. The partnership agreement provided that losses would first be allocated against each partner's capital account and any balance would be shared only the be general partners. In a subsequent taxable year, the partnership sustained a loss in its business operations, entered into bankruptcy, and dissolved. The taxpayer's distributive share of the partnership loss for the taxable year reduced the taxpayer's capital account to zero. ***In addition, the taxpayer's adjusted basis in the partnership interest, which was greater than the taxpayer's capital account, was reduced by the taxpayer's distributive share of the loss. However, the taxpayer's adjusted basis in the partnership interest was not reduced to zero. The taxpayer did not receive any cash or other consideration in liquidation of the taxpayer's partnership interest.*** [Emphasis added.]

Rev. Rul. 70-355 concludes that the taxpayer's loss is deductible as an ordinary loss under §165(a) of the Code. The taxpayer's loss was composed of the taxpayer's distributive share of the partnership loss equal to the taxpayer's capital account and the balance of the taxpayer's adjusted basis in the partnership interest.

In Rev.Rul. 76-189,1976-1 C.B.181, D purchased a one-third interest in the ABC partnership from taxpayer A. ABC sustained a net loss from its business operations for the taxable year and terminated at the end of that taxable year. ***At termination, ABC had no remaining assets or liabilities. D's distributive share of the partnership loss did not reduce D's basis in D's partnership interest to zero.*** [Emphasis added.]

. . . . .

***Partner D in Rev. Rul. 76-189 satisfied all of the requirements for ordinary loss treatment. Partner D did not receive any actual distributions, and D was not deemed to receive any distributions under §752(b) of the Code as a result of liability shifts.***

. . . . .

***The taxpayer in Rev. Rul. 70-355 also satisfied all of the requirements for ordinary loss treatment.*** [Emphasis added.]

. . . . .

HOLDING

A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in § 751(b)).

**EXHIBIT B**

Internal Revenue Service

# memorandum

CC:WR:RMC:DEN:TL-12532-90
AMHarbutte

date: January 6, 2000

to: Ogden Service Center, TEFRA Technical Unit
attn: Diana Anderson
Kansas City Service Center, Exam Support: TEFRA
attn: Jeanette Price

from: Regional Counsel, Western Region
Alice M. Harbutte, Special Trial Attorney, Denver

subject: Project Partnership: AMCOR
Subject: 6230(c) Claims for Refund
and 6404(e) abatement of interest

The purpose of this memorandum is to address some of the issues set forth in the refund claims that are currently being filed by the various Project partnership investors. We have been advised by the TEFRA Service Centers that approximately 2,000 such claims have been received to date. These claims encompass the following fours issues: 1) adjustments to basis of a partnership interest; ...

## ISSUES

...

2. Whether the Service should deny the Project investor's request for refund attributable to an adjustment in the basis of his partnership in interest. ["Basis" claim] ...

EXHIBIT "C"

Each of the different types of claims are discussed separately below.

"Basis" claim: Issue 2

The "basis" claims fall within the exception provided for at I.R.C. § 6230(c)(1)(B). This section provides that a partner may file a claim for refund on the grounds that the Secretary failed to allow a credit or make a refund to the partner "attributable to" the application to the partner of a settlement.

Time for Filing "Basis" Claim:

Under the provisions of I.R.C. § 6230(2)(B) as it pertains to a "basis" claim, the statute provides that any claim under paragraph (1)(B) shall be filed within 2 years after the date the settlement was entered into. I.R.C. § 6230(c)(2)(B)(i). Therefore, any claim requesting a refund with respect to gain that was reported by a Project investor on a Form 1040, for the year this investor sold his Project partnership interest (or otherwise disposed of such interest) must be filed within 2 years from the date the Form 870-P(AD) was signed on behalf of the Commissioner.

Merits of "Basis" Claim:

After determining whether or not a claim involving a basis adjustment was timely filed, the merits of the claim may then be looked at.

Under the terms of the Appeals settlement, the settled partner was required to report additional taxable income. This income was a result of the disallowance of a portion of the original partnership loss claimed by each partner. Therefore, the "basis" claim is "attributable to" the settlement of the partnership items and is an allowable claim under I.R.C. § 6230(c)(1)(B). Thus, a refund is proper, to the extent the taxpayer can substantiate the change in their basis in the partnership.

Substantiation of "Basis" Claim:

The Project investor must have settled their partnership items and must have paid the additional amount of tax required

under the settlement. Proof that the investor entered into a settlement is the fully executed Form 870-P(AD). The Form 870-P(AD) will show the year for which the additional liability was agreed to. The individual investor's transcript of account for this taxable year should show an assessment of tax being made as a result of a computational adjustment relating to the Form 870-P(AD). The partner's basis will be increased, under the provisions of I.R.C. 705, by the amount his taxable income was increased as a result of the settlement. To determine this amount, the computational adjustment, supporting schedules and the final computation that was mailed to the investor by the Service Center should be obtained.

CONCLUSIONS

If the "basis" claim is the only refund claim relating to the Project partnership being made by the investor, then the claim should be allowed after substantiation is provided. However, if this investor has filed other claims for refund relating to the same partnership, then these other claims must first be resolved before processing any refund. The reason for this is that the other related claims may affect the calculation of the partner's basis.

*[illegible] Request for Net Interest Rate of Zero under Rev Proc 99-43* *****
*IF the overp[illegible]ment is not applied to underpay[illegible]nt* *****

Form **843** (Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant: LLOYD W. BAILEY
Your SSN or ITIN: [redacted]

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*
Spouse's SSN or ITIN

City or town, state, and ZIP code: Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****
Employer identification number (EIN)

Name and address shown on return if different from above:
3813 Hawthorne Road
Rocky Mount, NC 27801

Daytime telephone number: 713-965-9244

1 Period. Prepare a separate Form 843 for each tax period
From ***Blank Pursuant to Rev Proc 99-43 5.04(1)***

2 Amount to be refunded or abated
$ ***Blank pursuant to Rev Proc 99-43 §5.04(2)***

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☐ Penalty — IRC section ▶ ____________

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

4a Request for abatement or refund of:
☒ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ ***Blank pursuant to Rev Proc 99-43 5.04(4).***

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

This Request is protective only and, if possible, the refund should be applied directly to the 1982, 1983 & 1984 liability when and if timely assessed. This form is filed as the taxpayer's protective request for application of the net interest rate of zero, pursuant to IRC 6621(d), to interest accruing before October 1, 1998. The understatement periods are 1982, 1983 & 1984. The overstatement periods are 1987. The underpayment was paid in full on 3-5-04.

The taxpayer has received the following refunds: NONE.

The period for which the Taxpayer's overpayment and underpayment overlap are April 15, 1988 to date of payment of the underpayment. To the extent of equivalent amounts of underpayment and overpayment for the periods identified above, the periods have been used only once in a request to obtain the net interest rate of zero under IRC 6621(d).

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Lloyd W. Bailey
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)
Date: September 3, 2004

Signature
Date

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**
ISA
STF FED1524F

Form **843** (Rev. 11-2002)

Form **2848** (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date

**Part I** Power of Attorney (Please type or print.)

**1** Taxpayer information (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Lloyd W. Bailey<br>3813 Hawthorne Road<br>Rocky Mount, N.C. 27804 | [redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2** Representative(s) (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3** Tax matters

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

**4** **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ..................... ▶ ☐

**5** **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6** **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here LWB and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☑

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lloyd W. Bailey (signature) — Signature | Nov 10, 2003 — Date | Title (if applicable)

LLOYD W. BAILEY — Print Name

Signature | Date | Title (if applicable)

Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | (signature) Thomas E. Redding | 12/1/03 |
| A | Texas | (signature) Sallie W. Gladney | 12-1-03 |
| A | Texas | (signature) Teresa J. Womack | 12/1/03 |

Form **2848**
(Rev. January 2002)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____________
Telephone ____________
Function ____________
Date / /

**Part I** Power of Attorney (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| LLOYD W. BATLEY<br>3813 HAWTHORNE ROAD<br>ROCKY MOUNT, NC 27804 | [redacted] | |
| | Daytime telephone number | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| DAVID OETTINGER, JR.<br>PO BOX 8346, ROCKY MOUNT, NC 27804 | CAF No. 5000-[redacted]89674R<br>Telephone No. 252 451-1900<br>Fax No. 252-451-0302<br>Check if new: Address ☐ Telephone No. ☐ |
| W. Robert Jones<br>PO Box 8346, Rocky Mount, NC 27804 | CAF No. 5000-45766R<br>Telephone No. 252-451-1900<br>Fax No. 252-451-0302<br>Check if new: Address ☐ Telephone No. ☐ |
| | CAF No. ____________<br>Telephone No. ____________<br>Fax No. ____________<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| INCOME | 1040 | 1983, 1984 |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for **Line 5. Acts authorized.**

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ____________

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ____________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.**
ISA
STF FED4675F.1

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box. . . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Lloyd W Bailey (signature) — June 3, 2003

Signature — Date — Title (if applicable)

LLOYD W. BAILEY

Print Name

Signature — Date — Title (if applicable)

Print Name

**Part II Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(1)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| a, b | NC | David [signature] | 6/3/03 |
| b | NR | [signature] | 6/3/03 |
| | | | |

7002 3150 0005 7422 4392

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
***(Domestic Mail Only; No Insurance Coverage Provided)***

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 385 |
| Certified Fee | 230 |
| Return Reciept Fee (Endorsement Required) | 175 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.90 |

HOUSTON TX 77205-9998
SEP 1? 2004
Postmark Here
USPS

Sent To: Internal Revenue Service Center
Street, Apt. No.; or PO Box No.: Atlanta, GA 39901
City, State, ZIP+4: Bailey

PS Form 3800, June 2002 — See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
Atlanta, GA 39901
Bailey

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

1 3 2004

IRS #0222

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7002 3150 0005 7422 4392

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**Department of the Treasury**
**Internal Revenue Service**
**1973 North Rulon White Blvd.**
**Ogden, UT 84404**

**Mail Stop:** 4430
**Date:** March 25, 2005

**Social Security Number:**
[redacted]
**Tax Year(s):** 1987
**Person to Contact:**
Mrs. Price
**Contact Identification Number:**
0478622963
**Contact Telephone Number:**
866-899-9083 ext. 8312
**Contact Hours:**
7 a.m. to 3 p.m. Mountain Time
**Partnership/S Corporation:**
DILLON OIL TECHNOLOGY PARTNERS
**Employer Identification Number:**
84-0862763

logged ...

LLOYD W BAILEY
C/O THOMAS E REDDING
2914 WEST T C JESTER
HOUSTON TX 77018-7010

Dear Mr. Bailey:

We received your request dated September 3, 2004, asking for reconsideration of adjustments made to your return. The item(s) you refer to on your request are partnership/S corporation items that have been previously determined during a partnership/S corporation proceeding.

Internal Revenue Code Section 6230(c)(4) prohibits claims for review of the substantive issues after the partnership/S corporation proceedings have been completed and states that the final determination shall be conclusive. Consequently, your request will not be considered and your partnership/S corporation adjustments will remain as previously determined.

A copy of this letter has been forwarded to your authorized representative(s).

If you write, please include your telephone number, the hours you can be reached and a copy of this letter.

Thank you for your cooperation.

Sincerely,

Mrs. Price

Tax Technician
Exam Field Support



Exhibit B

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

September 10, 2004

**PRIORITY CERTIFIED MAIL**
**# 7002 3150 0005 7422 4378**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Fresno, CA 93888

RE: **C. Robert and Joanne Clarke ([redacted])**
Form 1040X, Amended U.S. Individual Income Tax Return, for 1987
With Alternative Claims for 1987, 1988, 1989 and 1996
Form 843 requesting §6621(d) relative to above year refunds
Form 8822 Change of Address for 1987, 1988 and 1989

Dear Sirs:

Enclosed is the above refund claims to be filed for my clients.

The claim is timely based on the loss incurred on a partnership interest resulting in a tax loss equal to the resulting adjusted basis as determined due to a TEFRA Tax Court case brought under I.R.C. §6226, and is timely filed as a claim under §6230(c)(1)(B) and §6230(c)(2)(B). See Exhibit A - the analysis in the attached excerpts from Regional Counsel memorandum regarding similar "basis" adjustment "affected item" claims regarding partnerships unrelated to those in this claim.

Please expedite the processing of these claims and if possible apply them as a direct offset to the taxpayer's 1981, 1982 and 1983 tax deficiencies in accordance with I.R.C. §6402, as the legislative history to I.R.C. §6621(d) advises the IRS to try to do where practicable.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Sallie W. Gladney

SWG:mcs

Enclosures - Form 2848 Power of Attorney
Exhibit A - Excerpt from Regional Counsel Memorandum
Forms 1040X Amended U.S. Individual Income Tax Return
Form 843, as protective interest netting claim
Form 8822 Change of Address

Exhibit C

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer Information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| C Robert & Joanne S Clarke<br>P.O. Box 1207<br>Honolulu, Hawaii 96807 | [redacted] | |
| | Daytime telephone number<br>[redacted] | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Name and address<br>Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See Instruction for Line 4 — Specific uses not recorded on CAF.) . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for Line 5 — Acts authorized).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here CRC JSC and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form **2848** (Rev. 12-97)

ISA
STF FED4075F.1

Form 2848 (Rev. 12-97) Page 2

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☑

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

C. Robert Clarke — Signature — 6/30/03 — Date — Title (if applicable)

C. Robert Clarke — Print Name

Joanne S. Clarke — Signature — 6/30/03 — Date — Title (if applicable)

JOANNE S. CLARKE — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 7/17/03 |
| A | Texas | Sallie W. Gladney | 7/17/03 |
| A | Texas | Teresa J. Womack | 7/17/03 |

STFFED4675F.2

Internal Revenue Service

# memorandum

CC:WR:RMC:DEN:TL-12532-90
AMHarbutte

date: January 6, 2000

to: Ogden Service Center, TEFRA Technical Unit
attn: Diana Anderson
Kansas City Service Center, Exam Support: TEFRA
attn: Jeanette Price

from: Regional Counsel, Western Region
Alice M. Harbutte, Special Trial Attorney, Denver

subject: Project Partnership: AMCOR
Subject: 6230(c) Claims for Refund
and 6404(e) abatement of interest

The purpose of this memorandum is to address some of the issues set forth in the refund claims that are currently being filed by the various Project partnership investors. We have been advised by the TEFRA Service Centers that approximately 2,000 such claims have been received to date. These claims encompass the following fours issues: 1) adjustments to basis of a partnership interest; . . . .

ISSUES

. . . .

2. Whether the Service should deny the Project investor's request for refund attributable to an adjustment in the basis of his partnership in interest. ["Basis" claim] . . . .

Exhibit A

Each of the different types of claims are discussed separately below.

"Basis" claim: Issue 2

The "basis" claims fall within the exception provided for at I.R.C. § 6230(c)(1)(B). This section provides that a partner may file a claim for refund on the grounds that the Secretary failed to allow a credit or make a refund to the partner "attributable to" the application to the partner of a settlement.

Time for Filing "Basis" Claim:

Under the provisions of I.R.C. § 6230(2)(B) as it pertains to a "basis" claim, the statute provides that any claim under paragraph (1)(B) shall be filed within 2 years after the date the settlement was entered into. I.R.C. § 6230(c)(2)(B)(i). Therefore, any claim requesting a refund with respect to gain that was reported by a Project investor on a Form 1040, for the year this investor sold his Project partnership interest (or otherwise disposed of such interest) must be filed within 2 years from the date the Form 870-P(AD) was signed on behalf of the Commissioner.

Merits of "Basis" Claim:

After determining whether or not a claim involving a basis adjustment was timely filed, the merits of the claim may then be looked at.

Under the terms of the Appeals settlement, the settled partner was required to report additional taxable income. This income was a result of the disallowance of a portion of the original partnership loss claimed by each partner. Therefore, the "basis" claim is "attributable to" the settlement of the partnership items and is an allowable claim under I.R.C. § 6230(c)(1)(B). Thus, a refund is proper, to the extent the taxpayer can substantiate the change in their basis in the partnership.

Substantiation of "Basis" Claim:

The Project investor must have settled their partnership items and must have paid the additional amount of tax required

under the settlement. Proof that the investor entered into a settlement is the fully executed Form 870-P(AD). The Form 870-P(AD) will show the year for which the additional liability was agreed to. The individual investor's transcript of account for this taxable year should show an assessment of tax being made as a result of a computational adjustment relating to the Form 870-P(AD). The partner's basis will be increased, under the provisions of I.R.C. 705, by the amount his taxable income was increased as a result of the settlement. To determine this amount, the computational adjustment, supporting schedules and the final computation that was mailed to the investor by the Service Center should be obtained.

## CONCLUSIONS

If the "basis" claim is the only refund claim relating to the Project partnership being made by the investor, then the claim should be allowed after substantiation is provided. However, if this investor has filed other claims for refund relating to the same partnership, then these other claims must first be resolved before processing any refund. The reason for this is that the other related claims may affect the calculation of the partner's basis.

Form **1040X** (Rev. November 2003)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1987 **, or fiscal year ended ▶**

Please print or type

| | | |
|---|---|---|
| Your first name and initial: C. ROBERT | Last name: CLARKE | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: JOANNE S. | Last name: CLARKE | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: c/o Thomas E. Redding; 2914 West T. C. Jester | *(POA ATTACHED, FORM 2848)* Apt. no. | Phone number: 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Houston, Texas 77018-7010 | ***ADDRESS FOR THIS MATTER ONLY** | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☒

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☐ Yes ☒ No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household* ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 – 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 146,120 | (56,472) | 89,648 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 47,663 | 1,129 | 48,792 |
| 3 Subtract line 2 from line 1 | 3 | 98,457 | (57,601) | 40,856 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 3,800 | 0 | 3,800 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 94,657 | (57,601) | 37,056 |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Tax Rate Schedules | 6 | 25,782 | (19,161) | 6,621 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 25,782 | (19,161) | 6,621 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 25,782 | (19,161) | 6,621 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | 13,857 | 0 | 13,857 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 11,925 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 25,782 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | 25,782 |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 19,161** |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 19,161 |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ C Robert Clarke 9/7/04 — Your signature — Date

▶ Joanne S. Clarke 9/7/04 — Spouse's signature. If a joint return, both must sign. — Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA — Date 8-23-04 — Check if self-employed ☒ — Preparer's SSN or PTIN P00097501

Firm's name (or yours if self-employed), address, and ZIP code ▶ BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD. KATY TX 77450 — EIN — Phone no. 713-965-9244

Form **1040X** (Rev. 11-2003)

***or such greater amount as is legally refundable, plus interest.*

ISA
STF FED3171F.1

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 – 31.
If claiming **fewer exemptions,** complete lines 25 – 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse . . . . . . . . . . **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 Your dependent children who lived with you . . . . . . | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation . . . . . . . . | 27 | | | |
| 28 Other dependents . . . . . . . . | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 . . . . | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2003 | $3,050 | $104,625 |
| 2002 | 3,000 | 103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here . . . . . . . . . ▶ ☐

***** *Please See Explanation Attached* *****

To reflect outside basis loss on partnership pursuant to Rev. Rul. 93-80, omitted from the original return, as ordinary loss with alternative claim as capital loss. See attached explanation.

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . . . ▶ ☐

Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| C Robert & Joanne S Clarke<br>P.O. Box 1207<br>Honolulu, Hawaii 96807 | [redacted] | |
| | Daytime telephone number: [redacted] | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for Line 5 — Acts authorized).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here [initials] and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4075F.1

Form 2848 (Rev. 12-97) Page 2

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . ▶ ☑

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

C. Robert Clarke — 6/30/03

Signature — Date — Title (if applicable)

C. Robert Clarke

Print Name

Joanne S. Clarke — 6/30/03

Signature — Date — Title (if applicable)

JOANNE S. CLARKE

Print Name

**Part II Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.

d Officer — a bona fide officer of the taxpayer's organization.

e Full-Time Employee — a full-time employee of the taxpayer.

f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).

h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding | 7/17/03 |
| A | Texas | Sallie W. Gladney | 7/17/03 |
| A | Texas | Teresa J. Womack | 7/17/03 |

STF FED1675F.2

**C. ROBERT AND JOANNE CLARKE ([redacted])**
**EXPLANATION FOR 1040X FOR 1987 ORDINARY LOSS AND ALTERNATIVE CAPITAL LOSS FOR 1987, 1988, 1989 AND 1996 AND PROTECTIVE STATEMENT REQUESTING APPLICATION OF §6621(d)**

Pursuant to I.R.C. §6230(d)(5), the refund sought in this claim should have been refunded without the necessity of filing a formal refund claim.

Drake Oil Technology Partners (EIN: 84-0856853) was a partnership that was the subject of §6226 litigation. The related Tax Court cases – docket numbers 21530-87 and 16768-88 – resulted in a disallowance of the partnership's losses, tax liabilities in the disallowance years (here 1983) and recognition of phantom income. The IRS has sent the taxpayers reports reflecting the 1983 adjustments.

As a direct consequence of the adjustments the partners had a substantial basis in the partnership interest and a resulting loss upon the worthlessness, abandonment, dissolution, or termination of the partners' partnership interest. That loss is the grounds for this claim for refund. The final basis is equal to the partner's cash invested plus phantom income reported because no losses or deductions were allowed in any year.

The resulting basis has been computed as follows:

| | |
|---|---|
| Cash Invested and Unrecovered | $ 37,500.00 |
| Partner's % of Positive Income Tax Court Decisions Recognized in 1983 and Later: | $ 18,971.72 |
| Total Resulting Basis | $ 56,471.72 |

In another partnership case, the partners were advised that the IRS agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the adjustments to the partnership losses. A notice was sent from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. See Exhibit A. Therefore, since the taxpayers did not sell their partnership interest, this claim is based on the same increase in basis the IRS recognized as a loss upon worthlessness, abandonment, dissolution, or termination of the partnership interest in that other case.

However, the taxpayer is claiming an ordinary loss under Rev. Rul. 93-80. Excerpts attached as Exhibit B. The partners received no distribution of cash or marketable securities or relief of any partnership debt; therefore, there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

Alternatively, if the ordinary loss is not allowed, then the taxpayer (i) requests an explanation as to why ordinary treatment under Rev. Rul. 93-80 has been denied, and (ii) should be allowed a capital loss and be refunded the following amounts:

| Year | Refund |
|---|---|
| 1987 | $ 2,868.00 |
| 1988 | $ 10,523.00 |
| 1989 | $ 4,767.00 |

See computations attached to the 1040X as Alternative Computations

The increase in the basis in the taxpayers' partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

This claim is timely pursuant to I.R.C. §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision. See Exhibit C, excerpts from an IRS Regional Counsel Memorandum regarding the nature and timeliness of this type of claim in another group of partnership cases. It is also being filed consistent with the IRS's instructions issued in those other partnership cases. See Exhibit A.

This claim also constitutes the taxpayer's request that the refund(s) be directly applied to any 1981, 1982 and 1983 liabilities. If not, then this is the taxpayers' protective request that the Secretary apply §6621(d) to the extent of equivalent amounts of underpayments or overpayments for the periods from April 15, 1988, to the date to which interest was paid on the 1981, 1982 and 1983 deficiencies, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1981, 1982 and 1983 liabilities, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on those deficiencies. Section 5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d).

Exhibits: A - Copy of IRS notice re: refund claims
B - Excerpts from Rev. Rul 93-80
C - Excerpts from Regional Counsel Memorandum Regarding Timeliness of Basis Adjustment Claims

# AMCOR CLAIM INSTRUCTIONS

A claim may be filed to reflect the increase in your basis due to the sale of the partnership interest. In addition to the appropriate form, please send a copy of the tax return for the year in which the sale of the partnership interest was reported. If there is a capital loss carryover issue (you already reported a $3,000 loss on Schedule D), we will need a claim for the year(s) that the loss was carried to. Include a copy of any examination reports that reflect the amount of losses disallowed or income increased.

In order to identify the claim as "AMCOR", please annotate the top of the 1040X with the following:

**AMCOR Claim - forward to TEFRA Operation Stop 639**

Send claims to:

BIRSC
PO Box 630
Holtsville NY 11742
Attn: TEFRA Operations
Stop 639

4/22/02

EXHIBIT "A"

EXCERPTS FROM REV. RUL. 93-80

26 CFR 1.731-1: Extent of recognition of gain or loss on distribution. (Also §§165, 741, 752, 1011.)

Abandonment or worthlessness of a partnership interest. A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in § 751(b) of the Code). Rev. Rul. 70-355 clarified and superseded; Rev. Rul. 76-189 revoked.

REV. RUL. 93-80

ISSUE

Is a loss incurred on the abandonment or worthlessness of a partnership interest a capital or an ordinary loss?

In Rev. Rul. 70-355, 1970-2 C.B. 51, a taxpayer paid cash for an interest as a limited partner in a partnership, and the taxpayer's capital account was credited with an amount less than the cash paid. The partnership agreement provided that losses would first be allocated against each partner's capital account and any balance would be shared only the be general partners. In a subsequent taxable year, the partnership sustained a loss in its business operations, entered into bankruptcy, and dissolved. The taxpayer's distributive share of the partnership loss for the taxable year reduced the taxpayer's capital account to zero. ***In addition, the taxpayer's adjusted basis in the partnership interest, which was greater than the taxpayer's capital account, was reduced by the taxpayer's distributive share of the loss. However, the taxpayer's adjusted basis in the partnership interest was not reduced to zero. The taxpayer did not receive any cash or other consideration in liquidation of the taxpayer's partnership interest.*** [Emphasis added.]

Rev. Rul. 70-355 concludes that the taxpayer's loss is deductible as an ordinary loss under §165(a) of the Code. The taxpayer's loss was composed of the taxpayer's distributive share of the partnership loss equal to the taxpayer's capital account and the balance of the taxpayer's adjusted basis in the partnership interest.

In Rev.Rul. 76-189,1976-1 C.B.181, D purchased a one-third interest in the ABC partnership from taxpayer A. ABC sustained a net loss from its business operations for the taxable year and terminated at the end of that taxable year. ***At termination, ABC had no remaining assets or liabilities. D's distributive share of the partnership loss did not reduce D's basis in D's partnership interest to zero.*** [Emphasis added.]

. . . . .

***Partner D in Rev. Rul. 76-189 satisfied all of the requirements for ordinary loss treatment. Partner D did not receive any actual distributions, and D was not deemed to receive any distributions under §752(b) of the Code as a result of liability shifts.***

. . . . .

***The taxpayer in Rev. Rul. 70-355 also satisfied all of the requirements for ordinary loss treatment.*** [Emphasis added.]

. . . . .

HOLDING

A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in § 751(b)).

**EXHIBIT B**

Internal Revenue Service

# memorandum

CC:WR:RMC:DEN:TL-12532-90
AMHarbutte

date: January 6, 2000

to: Ogden Service Center, TEFRA Technical Unit
attn: Diana Anderson
Kansas City Service Center, Exam Support: TEFRA
attn: Jeanette Price

from: Regional Counsel, Western Region
Alice M. Harbutte, Special Trial Attorney, Denver

subject: Project Partnership: AMCOR
Subject: 6230(c) Claims for Refund
and 6404(e) abatement of interest

The purpose of this memorandum is to address some of the issues set forth in the refund claims that are currently being filed by the various Project partnership investors. We have been advised by the TEFRA Service Centers that approximately 2,000 such claims have been received to date. These claims encompass the following fours issues: 1) adjustments to basis of a partnership interest; . . . .

ISSUES

. . . .

2. Whether the Service should deny the Project investor's request for refund attributable to an adjustment in the basis of his partnership in interest. ["Basis" claim] . . . .

EXHIBIT "C"

Each of the different types of claims are discussed separately below.

"Basis" claim: Issue 2

The "basis" claims fall within the exception provided for at I.R.C. § 6230(c)(1)(B). This section provides that a partner may file a claim for refund on the grounds that the Secretary failed to allow a credit or make a refund to the partner "attributable to" the application to the partner of a settlement.

Time for Filing "Basis" Claim:

Under the provisions of I.R.C. § 6230(2)(B) as it pertains to a "basis" claim, the statute provides that any claim under paragraph (1)(B) shall be filed within 2 years after the date the settlement was entered into. I.R.C. § 6230(c)(2)(B)(i). Therefore, any claim requesting a refund with respect to gain that was reported by a Project investor on a Form 1040, for the year this investor sold his Project partnership interest (or otherwise disposed of such interest) must be filed within 2 years from the date the Form 870-P(AD) was signed on behalf of the Commissioner.

Merits of "Basis" Claim:

After determining whether or not a claim involving a basis adjustment was timely filed, the merits of the claim may then be looked at.

Under the terms of the Appeals settlement, the settled partner was required to report additional taxable income. This income was a result of the disallowance of a portion of the original partnership loss claimed by each partner. Therefore, the "basis" claim is "attributable to" the settlement of the partnership items and is an allowable claim under I.R.C. § 6230(c)(1)(B). Thus, a refund is proper, to the extent the taxpayer can substantiate the change in their basis in the partnership.

Substantiation of "Basis" Claim:

The Project investor must have settled their partnership items and must have paid the additional amount of tax required

under the settlement. Proof that the investor entered into a settlement is the fully executed Form 870-P(AD). The Form 870-P(AD) will show the year for which the additional liability was agreed to. The individual investor's transcript of account for this taxable year should show an assessment of tax being made as a result of a computational adjustment relating to the Form 870-P(AD). The partner's basis will be increased, under the provisions of I.R.C. 705, by the amount his taxable income was increased as a result of the settlement. To determine this amount, the computational adjustment, supporting schedules and the final computation that was mailed to the investor by the Service Center should be obtained.

## CONCLUSIONS

If the "basis" claim is the only refund claim relating to the Project partnership being made by the investor, then the claim should be allowed after substantiation is provided. However, if this investor has filed other claims for refund relating to the same partnership, then these other claims must first be resolved before processing any refund. The reason for this is that the other related claims may affect the calculation of the partner's basis.

***** PROTECTIVE Request for Net Interest Rate of Zero under Rev Proc 99-43 *****
— IF the overpayment is not applied to underpayment *****

Form **843** (Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant: C. ROBERT CLARKE & JOANNE S. CLARKE

Your SSN or ITIN: [redacted]

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's SSN or ITIN: [redacted]

City or town, state, and ZIP code: Houston, Texas 77018-7010 ***ADDRESS FOR THIS MATTER ONLY***

Employer identification number (EIN):

Name and address shown on return if different from above:
P. O. Box 1207
Honolulu, HI 96807

Daytime telephone number: 713-965-9244

**1** Period. Prepare a separate Form 843 for each tax period
From *Blank Pursuant to RevProc 99-43 5.04(1)*

**2** Amount to be refunded or abated
$ *Blank pursuant to Rev Proc 99-43 §5.04(2)*

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☐ Penalty — IRC section ▶ ____________

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ *Blank pursuant to Rev Proc 99-43 5.04(4).*

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

This Request is protective only and, if possible, the refund should be applied directly to the 1981, 1982 & 1983 liability when and if timely assessed. This form is filed as the taxpayer's protective request for application of the net interest rate of zero, pursuant to IRC 6621(d), to interest accruing before October 1, 1998. The understatement periods are 1981, 1982 & 1983. The overstatement periods are 1987. The underpayment was paid in full on 5-26-03.

The taxpayer has received the following refunds: NONE.

The period for which the Taxpayer's overpayment and underpayment overlap are April 15, 1988 to date of payment of the underpayment. To the extent of equivalent amounts of underpayment and overpayment for the periods identified above, the periods have been used only once in a request to obtain the net interest rate of zero under IRC 6621(d).

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

C Robert Clarke — Date: 9/7/04
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Joanne S. Clarke — Date: 9/7/04
Signature

**For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.**

Form **843** (Rev. 11-2002)

ISA
STF FED1524F

Form **2848** (Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name ______
Telephone ______
Function ______
Date ______

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| C Robert & Joanne S Clarke<br>P.O. Box 1207<br>Honolulu, Hawaii 96807 | [redacted] | |
| | Daytime telephone number<br>[redacted] | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for Line 4 — **Specific uses not recorded on CAF.**) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for Line 5 — Acts authorized).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here CRC JSC and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4075F.1

Form 2848 (Rev. 12-97) Page **2**

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . ▶ ☑

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . ▶ ☐

YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.

C Robert Clarke — 6/30/03

Signature — Date — Title (if applicable)

C Robert Clarke

Print Name

Joanne S Clarke — 6/30/03

Signature — Date — Title (if applicable)

JOANNE S. CLARKE

Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | Thomas E. Redding (signature) Thomas E. Redding | 7/17/03 |
| A | Texas | Sallie W. Gladney (signature) Sallie W. Gladney | 7/17/03 |
| A | Texas | Teresa J. Womack (signature) Teresa J. Womack | 7/17/03 |

STFFED1675F.2

7002 3150 0005 7422 4378

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 3.85 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.90 |

HOUSTON TX 77205-9998
SEP 10 2004
Postmark Here
USPS

Sent To Internal Revenue Service Center
Street, Apt. No.; or PO Box No. Fresno, CA 93888
City, State, ZIP+4 Clarke

PS Form 3800, June 2002 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
Fresno, CA 93888
Clarke

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

RECEIVED
677
SEP 13 2004
INTERNAL REVENUE SERVICE
FRESNO, CA

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number *(Transfer from service label)* 7002 3150 0005 7422 4378

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

Department of the Treasury
Internal Revenue Service

KANSAS CITY MO 64999-0025

71039819917480139404

In reply refer to: 0934651349
Apr. 28, 2005 LTR 105C
[redacted] 198712 30 000 1
05992
BODC: SB

C ROBERT & JOANNE CLARKE
% THOMAS E REDDING ATTY
REDDING & ASSOCIATES
2914 W TC JESTER BLVD
HOUSTON TX 77018-7010

RECEIVED
INTERNAL REVENUE SERVICE
JUN 03 2005
KANSAS CITY, MO 64999
NO. 1076

Logged

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: Income
Amount of Claim(s): $ 19,161.00

Date Claim(s) Received: Dec. 13, 2004
Tax Period(s): Dec. 31, 1987

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

You filed your claim for credit or refund more than 3 years after the return due date, including any extension to file that you may have requested for this return. The law states that we can't refund or credit tax to you if you paid it more than 3 years before the date you filed the claim. We consider withheld tax, estimated tax, or earned income credit as paid on the return due date.

We can't allow a claim for credit or refund if you file the claim more than 3 years after you file the return, or more than two years after you pay the tax, whichever is later.

You must mail your claim so it is postmarked no later than 3 years after the date you filed the original return or no later than 2 years after the date you paid the tax. The postmark date on the envelope containing your claim shows that you didn't mail your claim in time.

You may appeal our decision if we disallowed your claim because you filed it late. Generally, we consider a claim late if you filed it 3 years after the return due date or if you filed it more than 2 years after you paid the tax. The Appeals Office can't change the amount of time the law allows you to file a claim for refund or credit. Your appeal of our decision should provide us with an explanation of why you believe you filed your claim on time (such as, you had an extension of time for filing). NOTE: Reasonable cause or similar explanations can't change the time limits set by the law.

Exhibit D

0934651349
Apr. 28, 2005 LTR 105C
[redacted] 198712 30 000 1
05993

C ROBERT & JOANNE CLARKE
% THOMAS E REDDING ATTY
REDDING & ASSOCIATES
2914 W TC JESTER BLVD
HOUSTON TX 77018-7010

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

You must declare that the statement of facts is true under penalties of perjury. You may do this by adding the following statement and signing it:

"Under penalties of perjury, I declare that the facts present on my written appeal are, to the best of my knowledge and belief, true, correct, and complete."

An attorney, certified public accountant, or person enrolled to practice before the Internal Revenue Service may represent you. To have someone represent you, attach Form 2848, Power of Attorney and Declaration of Representative, (or similar written authorization) to your written statement.

If your authorized representative prepares the written statement, he or she should include a declaration stating that he or she prepared the written statement and accompanying documents and whether he or she knows personally that the protest and accompanying documents are true and correct.

Please mail your request for an appeal to the address shown on this letter.

If you have any questions, please call us toll free at 1-800-829-8374.

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

0SA' 014

51349

0934651349
Apr. 28, 2005 LTR 105C
[redacted] 198712 30 000 1
05994

C ROBERT & JOANNE CLARKE
% THOMAS E REDDING ATTY
REDDING & ASSOCIATES
2914 W TC JESTER BLVD
HOUSTON TX 77018-7010

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Also, you may want to keep a copy of this letter for your records.

Telephone Number ( )_________________________ Hours_________________

Sincerely yours,

Joy B. Henderson

Joy B. Henderson
Acting Operations Manager, AM OPS 1

Enclosure(s):
Publication 1

710 A50

**REDDING & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
2914 West T.C. Jester
Houston, Texas 77018-7010
Telephone: (713) 965-9244 • Telecopier: (713) 621-5227

Thomas E. Redding, J.D.
Sallie W. Gladney, J.D.

Teresa J. Womack, J.D.
Brett A. Thompson, J.D., C.P.A.

September 10, 2004

**PRIORITY CERTIFIED MAIL**
**# 7002 3150 0005 7422 4293**
**RETURN RECEIPT REQUESTED**

Internal Revenue Service Center
Memphis, TN 37501

RE: **Barry S. and Evelyn M. Strauch (SSN [redacted])**
Form 1040X, Amended U.S. Individual Income Tax Return, for 1987
With Alternative Claims for 1987, 1988 and 1996
Form 843 requesting §6621(d) relative to above year refunds
Form 8822 Change of Address for 1987

Dear Sirs:

Enclosed is the above refund claims to be filed for my client.

The claim is timely based on the loss incurred on a partnership interest resulting in a tax loss equal to the resulting adjusted basis as determined due to a TEFRA Tax Court case brought under I.R.C. §6226, and is timely filed as a claim under §6230(c)(1)(B) and §6230(c)(2)(B). See Exhibit A - the analysis in the attached excerpts from Regional Counsel memorandum regarding similar "basis" adjustment "affected item" claims regarding partnerships unrelated to those in this claim.

Please expedite the processing of these claims and if possible apply them as a direct offset to the taxpayer's 1983 and 1984 tax deficiencies in accordance with I.R.C. §6402, as the legislative history to I.R.C. §6621(d) advises the IRS to try to do where practicable.

Very truly yours,

REDDING & ASSOCIATES, P.C.

Sallie W. Gladney

Sallie W. Gladney

SWG:mcs

Enclosures - Form 2848 Power of Attorney
Exhibit A - Excerpt from Regional Counsel Memorandum
Form 1040X Amended U.S. Individual Income Tax Return
Form 843, as protective interest netting claim
Form 8822 Change of Address

Exhibit E

R:\DOCS\CORRESP.Q\QGWL9104.ST1.wpd

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Internal Revenue Service Center
Memphis, TN 37501

Strauch

2. Article N (Transfe

PS Form

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

2004 SEP 14 A 2: 36

RECEIVED TREASURY

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

95-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 3.85 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 7.90 |

Postmark Here

HOUSTON TX 77205-9998
SEP 10 2004
USPS

Sent To
Internal Revenue Service Center
Street, Apt. No.; or PO Box No.
City, State, ZIP+4 Memphis, TN 37501
Strauch

PS Form 3800, June 2002 See Reverse for Instructions

7002 3150 0005 7422 4293

Form **2848** (Rev. December 1997)

Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name ____
Telephone ____
Function ____
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| ① Barry S. Strauch, MD and ② Evalyn M. Strauch, 1113 Langley Ln, McLean, Va 22101 | 1 [redacted] 2 [redacted] | |
| | Daytime telephone number [redacted] | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here BSS / EMS and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] 11/19/03
Signature — Date — Title (if applicable)

Barry S. Strauch, MD
Print Name

[signature] 11/19/03
Signature — Date — Title (if applicable)

EVELYN M. STRAUCH
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 12-1-03 |
| A | Texas | [signature] Sallie W. Gladney | 12-1-03 |
| A | Texas | [signature] Teresa J. Womack | 12-1-03 |

Internal Revenue Service

# memorandum

CC:WR:RMC:DEN:TL-12532-90
AMHarbutte

date: January 6, 2000

to: Ogden Service Center, TEFRA Technical Unit
attn: Diana Anderson
Kansas City Service Center, Exam Support: TEFRA
attn: Jeanette Price

from: Regional Counsel, Western Region
Alice M. Harbutte, Special Trial Attorney, Denver

subject: Project Partnership: AMCOR
Subject: 6230(c) Claims for Refund
and 6404(e) abatement of interest

The purpose of this memorandum is to address some of the issues set forth in the refund claims that are currently being filed by the various Project partnership investors. We have been advised by the TEFRA Service Centers that approximately 2,000 such claims have been received to date. These claims encompass the following fours issues: 1) adjustments to basis of a partnership interest;

## ISSUES

2. Whether the Service should deny the Project investor's request for refund attributable to an adjustment in the basis of his partnership in interest. ["Basis" claim]

Exhibit A

Each of the different types of claims are discussed separately below.

"Basis" claim: Issue 2

The "basis" claims fall within the exception provided for at I.R.C. § 6230(c)(1)(B). This section provides that a partner may file a claim for refund on the grounds that the Secretary failed to allow a credit or make a refund to the partner "attributable to" the application to the partner of a settlement.

Time for Filing "Basis" Claim:

Under the provisions of I.R.C. § 6230(2)(B) as it pertains to a "basis" claim, the statute provides that any claim under paragraph (1)(B) shall be filed within 2 years after the date the settlement was entered into. I.R.C. § 6230(c)(2)(B)(i). Therefore, any claim requesting a refund with respect to gain that was reported by a Project investor on a Form 1040, for the year this investor sold his Project partnership interest (or otherwise disposed of such interest) must be filed within 2 years from the date the Form 870-P(AD) was signed on behalf of the Commissioner.

Merits of "Basis" Claim:

After determining whether or not a claim involving a basis adjustment was timely filed, the merits of the claim may then be looked at.

Under the terms of the Appeals settlement, the settled partner was required to report additional taxable income. This income was a result of the disallowance of a portion of the original partnership loss claimed by each partner. Therefore, the "basis" claim is "attributable to" the settlement of the partnership items and is an allowable claim under I.R.C. § 6230(c)(1)(B). Thus, a refund is proper, to the extent the taxpayer can substantiate the change in their basis in the partnership.

Substantiation of "Basis" Claim:

The Project investor must have settled their partnership items and must have paid the additional amount of tax required

under the settlement. Proof that the investor entered into a settlement is the fully executed Form 870-P(AD). The Form 870-P(AD) will show the year for which the additional liability was agreed to. The individual investor's transcript of account for this taxable year should show an assessment of tax being made as a result of a computational adjustment relating to the Form 870-P(AD). The partner's basis will be increased, under the provisions of I.R.C. 705, by the amount his taxable income was increased as a result of the settlement. To determine this amount, the computational adjustment, supporting schedules and the final computation that was mailed to the investor by the Service Center should be obtained.

## CONCLUSIONS

If the "basis" claim is the only refund claim relating to the Project partnership being made by the investor, then the claim should be allowed after substantiation is provided. However, if this investor has filed other claims for refund relating to the same partnership, then these other claims must first be resolved before processing any refund. The reason for this is that the other related claims may affect the calculation of the partner's basis.

Form **1040X** (Rev. November 2003)

Department of the Treasury — Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

**This return is for calendar year ▶** 1987 **, or fiscal year ended ▶**

| Please print or type | | |
|---|---|---|
| Your first name and initial: BARRY S. | Last name: STRAUCH | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: EVELYN | Last name: STRAUCH | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)* | Apt. no. | Phone number: 713-965-9244 |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: Houston, Texas 77018-7010 *****ADDRESS FOR THIS MATTER ONLY***** | | For Paperwork Reduction Act Notice, see page 6. |

**A** If the name or address shown above is different from that shown on the original return, check here ▶ [X]

**B** Has the original return been changed or audited by the IRS or have you been notified that it will be? [ ] Yes [X] No

**C** Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household [ ] Qualifying widow(er)

On this return ▶ [ ] Single [X] Married filing jointly [ ] Married filing separately [ ] Head of household* [ ] Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change — amount of increase or (decrease) — explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2 – 6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 1,497,881 | (59,019) | 1,438,862 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 250,134 | 0 | 250,134 |
| 3 Subtract line 2 from line 1 | 3 | 1,247,747 | (59,019) | 1,188,728 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 7,600 | 0 | 7,600 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 1,240,147 | (59,019) | 1,181,128 |
| **Tax Liability** | | | | |
| 6 Tax (see page 4). Method used in col. C Schedule D | 6 | 463,868 | (22,701) | 441,167 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 463,868 | (22,701) | 441,167 |
| 9 Other taxes (see page 4) | 9 | 107 | 0 | 107 |
| 10 Total tax. Add lines 8 and 9 | 10 | 463,975 | (22,701) | 441,274 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | 311,500 | 0 | 311,500 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 76,965 | 0 | 76,965 |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | 40,000 |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 35,510 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 463,975 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | 463,975 |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | 0 |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 22,701 |
| 23 Amount of line 22 you want **refunded to you** | 23 | | | 22,701** |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | | | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Your signature: Barry S. Strauch, MD — Date: 9/9/04

▶ Spouse's signature. If a joint return, **both** must sign: Evelyn M. Strauch — Date: 9/9/04

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] CPA — Date: 9-6-04 — Check if self-employed [X] — Preparer's SSN or PTIN: P00097501

Firm's name (or yours if self-employed), address, and ZIP code ▶ BRETT A. THOMPSON, CPA, 20214 KINGSLAND BLVD. KATY TX 77450 — EIN — Phone no. 713-965-9244

Form **1040X** (Rev. 11-2003)

*****or such greater amount as is legally refundable, plus interest.***

ISA
STF FED3171F.1

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25 – 31.
If claiming **fewer exemptions,** complete lines 25 – 30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse . . . . . Caution. If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 Your dependent children who lived with you . . . . . | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation . . . . . | 27 | | | |
| 28 Other dependents . . . . . | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 . . . . . | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here and on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2003 | $3,050 | $104,625 |
| 2002 | 3,000 | 103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) ✓ if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

No. of your children on line 31 who:
- lived with you . . . . . ▶ ☐
- did not live with you due to divorce or separation (see page 5) . . . ▶ ☐

Dependents on line 31 not entered above ▶ ☐

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here . . . . . . . . . ▶ ☐

***** *Please See Explanation Attached* *****

To reflect outside basis loss on partnership pursuant to Rev. Rul. 93-80 omitted from original return as an ordinary loss with alternative claim as a capital loss. Please see attached explanation.

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here . . . . . . . . ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here . . . . . . ▶ ☐

Form **2848**
(Rev. December 1997)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** **Power of Attorney** (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| ① Barry S. Strauch, MD and ② Evalyn M. Strauch, 1113 Langley La, McLean, Va 22101 | 1 [redacted] 2 | |
| | Daytime telephone number [redacted] | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here BSS / EMS and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

For Paperwork Reduction and Privacy Act Notice, see the separate instructions. Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box . ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] 11/19/03
Signature Date Title (if applicable)

Barry S. Strauch, MD
Print Name

[signature] 11/19/03
Signature Date Title (if applicable)

EVELYN M. STRAUCH
Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer — a bona fide officer of the taxpayer's organization.
e Full-Time Employee — a full-time employee of the taxpayer.
f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 12-1-03 |
| A | Texas | [signature] Sallie W. Gladney | 12-1-03 |
| A | Texas | [signature] Teresa J. Womack | 12-1-03 |

**BARRY S. STRAUCH AND EVELYN M. STRAUCH**
**(SSN [redacted] and SSN [redacted])**
**EXPLANATION FOR 1040X FOR 1987 AND**
**ALTERNATIVE CAPITAL LOSS FOR 1987, 1988 AND 1996 AND**
**PROTECTIVE STATEMENT REQUESTING APPLICATION OF §6621(d)**

Pursuant to I.R.C. §6230(d)(5), the refund sought in this claim should have been refunded without the necessity of filing a formal refund claim.

Dillon Oil Technology Partners - 1982 (EIN: 84-0862763) was a partnership that was the subject of §6226 litigation. The related Tax Court cases – docket numbers 21530-87 and 16768-88 – resulted in a disallowance of the partnership's losses, tax liabilities in the disallowance years (here 1983 and 1984) and recognition of phantom income. The IRS has sent the taxpayers reports reflecting the 1983 and 1984 adjustments.

As a direct consequence of the adjustments the partners had a substantial basis in the partnership interest and a resulting loss upon the worthlessness, abandonment, dissolution, or termination of the partners' partnership interest. That loss is the grounds for this claim for refund. The final basis is equal to the partner's cash invested plus phantom income reported because no losses or deductions were allowed in any year.

The resulting basis has been computed as follows:

| | |
|---|---|
| Cash Invested and Unrecovered | $ 37,500.00 |
| Partner's % of Positive Income Tax Court Decisions Recognized in 1983 and Later: | $ 21,519.10 |
| Total Resulting Basis | $ 59,019.10 |

In another partnership case, the partners were advised that the IRS agreed to allow a capital loss equal to the adjustment to the taxpayers' basis resulting from the adjustments to the partnership losses. A notice was sent from the IRS to the partners that they could file similar claims based on any sale of their partnership interests. See Exhibit A. Therefore, since the taxpayers did not sell their partnership interest, this claim is based on the same increase in basis the IRS recognized as a loss upon worthlessness, abandonment, dissolution, or termination of the partnership interest in that other case.

However, the taxpayer is claiming an ordinary loss under Rev. Rul. 93-80. Excerpts attached as Exhibit B. The partners received no distribution of cash or marketable securities or relief of any partnership debt; therefore, there was no deemed sale or exchange and Rev. Rul. 93-80 should apply.

Alternatively, if the ordinary loss is not allowed, then the taxpayer (i) requests an explanation as to why ordinary treatment under Rev. Rul. 93-80 has been denied, and (ii) should be allowed a capital loss and be refunded the following amounts:

| Year | Refund |
|---|---|
| 1987 | $ 10,654.00 |
| 1988 | $ 6,276.00 |

The increase in the taxpayer's basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

This claim is timely pursuant to I.R.C. §6230(c)(2)(B) because it is made within two years after the date of the relevant court decision. See Exhibit C, excerpts from an IRS Regional Counsel Memorandum regarding the nature and timeliness of this type of claim in another group of partnership cases. It is also being filed consistent with the IRS's instructions issued in those other partnership cases. See Exhibit A.

This claim also constitutes the taxpayers' request that the refund(s) be directly applied to their 1983 and 1984 liability. If not, then this is the taxpayers' protective request that the Secretary apply §6621(d) to the extent of equivalent amounts of underpayments or overpayments for the periods from April 15, 1988, to the date to which interest was paid on the 1983 and 1984 deficiencies, the excess interest paid during that period should be refunded if the overpayment is not applied to the 1983 and 1984 tax liability, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency. Section 5.063 of Rev. Proc. 99-43 has not previously been applied to obtain a net interest rate of zero under §6621(d).

Exhibits: A - Copy of IRS notice re: refund claims
B - Excerpts from Rev. Rul 93-80
C - Excerpts from Regional Counsel Memorandum Regarding Timeliness of Basis Adjustment Claims

# AMCOR CLAIM INSTRUCTIONS

A claim may be filed to reflect the increase in your basis due to the sale of the partnership interest. In addition to the appropriate form, please send a copy of the tax return for the year in which the sale of the partnership interest was reported. If there is a capital loss carryover issue (you already reported a $3,000 loss on Schedule D), we will need a claim for the year(s) that the loss was carried to. Include a copy of any examination reports that reflect the amount of losses disallowed or income increased.

In order to identify the claim as "AMCOR", please annotate the top of the 1040X with the following:

**AMCOR Claim --forward to TEFRA Operation Stop 639**

Send claims to:

BIRSC
PO Box 630
Holtsville NY 11742
Attn: TEFRA Operations
Stop 639

4/22/02

Exhibit A

EXCERPTS FROM REV. RUL. 93-80

26 CFR 1.731-1: Extent of recognition of gain or loss on distribution. (Also §§165, 741, 752, 1011.)

Abandonment or worthlessness of a partnership interest. A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in § 751(b) of the Code). Rev. Rul. 70-355 clarified and superseded; Rev. Rul. 76-189 revoked.

REV. RUL. 93-80

ISSUE

Is a loss incurred on the abandonment or worthlessness of a partnership interest a capital or an ordinary loss?

In Rev. Rul. 70-355, 1970-2 C.B. 51, a taxpayer paid cash for an interest as a limited partner in a partnership, and the taxpayer's capital account was credited with an amount less than the cash paid. The partnership agreement provided that losses would first be allocated against each partner's capital account and any balance would be shared only the be general partners. In a subsequent taxable year, the partnership sustained a loss in its business operations, entered into bankruptcy, and dissolved. The taxpayer's distributive share of the partnership loss for the taxable year reduced the taxpayer's capital account to zero. ***In addition, the taxpayer's adjusted basis in the partnership interest, which was greater than the taxpayer's capital account, was reduced by the taxpayer's distributive share of the loss. However, the taxpayer's adjusted basis in the partnership interest was not reduced to zero. The taxpayer did not receive any cash or other consideration in liquidation of the taxpayer's partnership interest.*** [Emphasis added.]

Rev. Rul. 70-355 concludes that the taxpayer's loss is deductible as an ordinary loss under §165(a) of the Code. The taxpayer's loss was composed of the taxpayer's distributive share of the partnership loss equal to the taxpayer's capital account and the balance of the taxpayer's adjusted basis in the partnership interest.

In Rev.Rul. 76-189,1976-1 C.B.181, D purchased a one-third interest in the ABC partnership from taxpayer A. ABC sustained a net loss from its business operations for the taxable year and terminated at the end of that taxable year. ***At termination, ABC had no remaining assets or liabilities. D's distributive share of the partnership loss did not reduce D's basis in D's partnership interest to zero.*** [Emphasis added.]

. . . . .

***Partner D in Rev. Rul. 76-189 satisfied all of the requirements for ordinary loss treatment. Partner D did not receive any actual distributions, and D was not deemed to receive any distributions under §752(b) of the Code as a result of liability shifts.***

. . . . .

***The taxpayer in Rev. Rul. 70-355 also satisfied all of the requirements for ordinary loss treatment.*** [Emphasis added.]

. . . . .

HOLDING

A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in § 751(b)).

Exhibit B

Internal Revenue Service

# memorandum

CC:WR:RMC:DEN:TL-12532-90
AMHarbutte

date: January 6, 2000

to: Ogden Service Center, TEFRA Technical Unit
attn: Diana Anderson
Kansas City Service Center, Exam Support: TEFRA
attn: Jeanette Price

from: Regional Counsel, Western Region
Alice M. Harbutte, Special Trial Attorney, Denver

subject: Project Partnership: AMCOR
Subject: 6230(c) Claims for Refund
and 6404(e) abatement of interest

The purpose of this memorandum is to address some of the issues set forth in the refund claims that are currently being filed by the various Project partnership investors. We have been advised by the TEFRA Service Centers that approximately 2,000 such claims have been received to date. These claims encompass the following fours issues: 1) adjustments to basis of a partnership interest; . . . .

ISSUES

. . . .

2. Whether the Service should deny the Project investor's request for refund attributable to an adjustment in the basis of his partnership in interest. ["Basis" claim] . . . .

Exhibit C

Each of the different types of claims are discussed separately below.

"Basis" claim: Issue 2

The "basis" claims fall within the exception provided for at I.R.C. § 6230(c)(1)(B). This section provides that a partner may file a claim for refund on the grounds that the Secretary failed to allow a credit or make a refund to the partner "attributable to" the application to the partner of a settlement.

Time for Filing "Basis" Claim:

Under the provisions of I.R.C. § 6230(2)(B) as it pertains to a "basis" claim, the statute provides that any claim under paragraph (1)(B) shall be filed within 2 years after the date the settlement was entered into. I.R.C. § 6230(c)(2)(B)(i). Therefore, any claim requesting a refund with respect to gain that was reported by a Project investor on a Form 1040, for the year this investor sold his Project partnership interest (or otherwise disposed of such interest) must be filed within 2 years from the date the Form 870-P(AD) was signed on behalf of the Commissioner.

Merits of "Basis" Claim:

After determining whether or not a claim involving a basis adjustment was timely filed, the merits of the claim may then be looked at.

Under the terms of the Appeals settlement, the settled partner was required to report additional taxable income. This income was a result of the disallowance of a portion of the original partnership loss claimed by each partner. Therefore, the "basis" claim is "attributable to" the settlement of the partnership items and is an allowable claim under I.R.C. § 6230(c)(1)(B). Thus, a refund is proper, to the extent the taxpayer can substantiate the change in their basis in the partnership.

Substantiation of "Basis" Claim:

The Project investor must have settled their partnership items and must have paid the additional amount of tax required

under the settlement. Proof that the investor entered into a settlement is the fully executed Form 870-P(AD). The Form 870-P(AD) will show the year for which the additional liability was agreed to. The individual investor's transcript of account for this taxable year should show an assessment of tax being made as a result of a computational adjustment relating to the Form 870-P(AD). The partner's basis will be increased, under the provisions of I.R.C. 705, by the amount his taxable income was increased as a result of the settlement. To determine this amount, the computational adjustment, supporting schedules and the final computation that was mailed to the investor by the Service Center should be obtained.

## CONCLUSIONS

If the "basis" claim is the only refund claim relating to the Project partnership being made by the investor, then the claim should be allowed after substantiation is provided. However, if this investor has filed other claims for refund relating to the same partnership, then these other claims must first be resolved before processing any refund. The reason for this is that the other related claims may affect the calculation of the partner's basis.

Form **843** (Rev. November 2002)
Department of the Treasury Internal Revenue Service

+*IF the over( )yment is not applied to underpa( )ent ******

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.*

***Do not** use Form 843 if your claim is for —*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

Type or print

Name of claimant: BARRY S. STRAUCH & EVELYN STRAUCH

Your SSN or ITIN: [redacted]

Address (number, street, and room or suite no.): c/o Thomas E. Redding; 2914 West T. C. Jester *(POA ATTACHED, FORM 2848)*

Spouse's SSN or ITIN: [redacted]

City or town, state, and ZIP code: Houston, Texas 77018-7010 ****ADDRESS FOR THIS MATTER ONLY****

Employer identification number (EIN):

Name and address shown on return if different from above: 1113 Langley Lane, McClean, VA 22101

Daytime telephone number: 713-965-9244

**1** Period. Prepare a separate Form 843 for each tax period
From *Blank Pursuant to Rev Proc 99-43 5.04(1)*

**2** Amount to be refunded or abated
$ *Blank pursuant to Rev Proc 99-43 §5.04(2)*

**3a** Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☐ Penalty — IRC section ▶ ____________

**b** Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☒ Other (specify) 1040

**4a** Request for abatement or refund of:
☒ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶ *Blank pursuant to Rev Proc 99-43 5.04(4).*

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

This Request is protective only and, if possible, the refund should be applied directly to the 1983 & 1984 liability when and if timely assessed. This form is filed as the taxpayer's protective request for application of the net interest rate of zero, pursuant to IRC 6621(d), to interest accruing before October 1, 1998. The understatement periods are 1983 & 1984. The overstatement period is 1987. The underpayment was paid in full on April 15, 2003.

The taxpayer has received the following refunds: NONE.

The period for which the Taxpayer's overpayment and underpayment overlap are April 15, 1988 to date of payment of the underpayment. To the extent of equivalent amounts of underpayment and overpayment for the periods identified above, the periods have been used only once in a request to obtain the net interest rate of zero under IRC 6621(d).

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date 9/9/04

Signature — Date 9/9/04

Form **2848** (Rev. December 1997)
Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date

**Part I** Power of Attorney (Please type or print.)

**1 Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| (1) Barry S. Strauch, MD and (2) Evalyn M. STRAUCH 1113 Langley La McLean, Va 22101 | 1 [redacted] 2 [redacted] | |
| | Daytime telephone number [redacted] | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address | |
|---|---|
| Thomas E. Redding<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7800-63703R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Sallie W. Gladney<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-78887R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |
| Teresa J. Womack<br>2914 West T.C. Jester<br>Houston, Texas 77018-7010 | CAF No. 7805-87212R<br>Telephone No. 713/965-9244<br>Fax No. 713/621-5227<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 and 1065 and Partnership Items for all partnerships in which the taxpayer is a partner. | Tax periods ending: December 31, 1980,1981, 1982,1983,1984,1985,1986, 1987,1988,1989,1990,1991, 1992,1993,1994,1995,1996, 1997,1998,1999 and 2000. |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for **Line 4 — Specific uses not recorded on CAF.**) . . . . . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for **Line 5 — Acts authorized**).

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: This power includes, but is not limited to, authorization to exercise the taxpayer's rights regarding partnership items and affected items and under I.R.C. Section 6103(e)(1)(C) relative to Forms 1065 for partnerships in which the taxpayer(s) was a partner.

**Note:** *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

**Note:** *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here BSS EMS and list the name of that representative below.

Name of representative to receive refund check(s) ▶ Thomas E. Redding

**For Paperwork Reduction and Privacy Act Notice, see the separate instructions.** Form **2848** (Rev. 12-97)

ISA
STF FED4675F.1

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☐

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] Signature — 11/19/03 Date — Title (if applicable)

Barry S. Strauch, MD — Print Name

[signature] Signature — 11/19/03 Date — Title (if applicable)

EVELYN M. STRAUCH — Print Name

**Part II** **Declaration of Representative**

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - a Attorney — a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - b Certified Public Accountant — duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - c Enrolled Agent — enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - d Officer — a bona fide officer of the taxpayer's organization.
  - e Full-Time Employee — a full-time employee of the taxpayer.
  - f Family Member — a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - g Enrolled Actuary — enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - h Unenrolled Return Preparer — an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation — Insert above letter (a - h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| A | Texas | [signature] Thomas E. Redding | 12-1-03 |
| A | Texas | [signature] Sallie W. Gladney | 12-1-03 |
| A | Texas | [signature] Teresa J. Womack | 12-1-03 |

IRS Department of the Treasury
Internal Revenue Service

MEMPHIS TN 37501-0025

71073514697480117801

In reply refer to: 0336620940
Apr. 19, 2005 LTR 105C
[redacted] 198712 30 000 1
01187
BODC: SB

BARRY S & EVELYN M STRAUCH
% THOMAS E REDDING ATTY
PO BOX 924328
HOUSTON TX 77292-43288

logged yr

CERTIFIED MAIL

Taxpayer Identification Number: [redacted]
Kind of Tax: 1040
Amount of Claim(s): $ 22,701.00

Date Claim(s) Received: Sep. 11, 2004
Tax Period(s): Dec. 31, 1987

Dear Taxpayer:

This letter is your legal notice that we have disallowed your claim(s). We can't allow your claim(s) for refund or credit for the period(s) shown above for the reason(s) listed below.

We can't allow a claim for credit or refund if you file the claim more than 3 years after you file the return, or more than two years after you pay the tax, whichever is later.

You may appeal our decision if we disallowed your claim because you filed it late. Generally, we consider a claim late if you filed it 3 years after the return due date or if you filed it more than 2 years after you paid the tax. The Appeals Office can't change the amount of time the law allows you to file a claim for refund or credit. Your appeal of our decision should provide us with an explanation of why you believe you filed your claim on time (such as, you had an extension of time for filing). NOTE: Reasonable cause or similar explanations can't change the time limits set by the law.

If you want to appeal our decision to disallow your claim, you must provide a brief written statement of the issues you don't agree with. The facts contained in the written statement should be detailed and complete, including names, amounts, locations, etc.

You should include the following:

1. A statement that you want to appeal the disallowance.

2. Your name, address, and a telephone number where you can be contacted during the day.

Exhibit F

0336620940
Apr. 19, 2005 LTR 105C
[redacted] 198712 30 000 1
01188

BARRY S & EVELYN M STRAUCH
% THOMAS E REDDING ATTY
PO BOX 924328
HOUSTON TX 77292-43288

3. A statement of facts supporting your reasons for disputing the disallowance.

4. A statement outlining the law or other authority that supports your claim.

You must declare that the statement of facts is true under penalties of perjury. You may do this by adding the following statement and signing it:

"Under penalties of perjury, I declare that the facts present on my written appeal are, to the best of my knowledge and belief, true, correct, and complete."

An attorney, certified public accountant, or person enrolled to practice before the Internal Revenue Service may represent you. To have someone represent you, attach Form 2848, Power of Attorney and Declaration of Representative, (or similar written authorization) to your written statement.

If your authorized representative prepares the written statement, he or she should include a declaration stating that he or she prepared the written statement and accompanying documents and whether he or she knows personally that the protest and accompanying documents are true and correct.

Please mail your request for an appeal to the address shown on this letter.

If you want to sue to recover tax, penalties, or other amounts, you may file a lawsuit with the United States District Court having jurisdiction or with the United States Court of Federal Claims. These courts are independent bodies and have no connection with the Internal Revenue Service.

The law permits you to do this within 2 years from the mailing date of this letter. If you decide to appeal our decision first, the 2-year period still begins from the mailing date of this letter. However, if you signed an agreement that waived your right to the notice of disallowance (Form 2297), the period for filing a lawsuit began on the date you filed the waiver.

If you have any questions, please call Ms D E Thompson at 901-546-4548 between the hours of 9:00 AM and 3:00 PM CST. If the number is outside your local calling area, there will be a long-distance charge to you.

0336620940
Apr. 19, 2005 LTR 105C
[redacted] 198712 30 000 1
01189

BARRY S & EVELYN M STRAUCH
% THOMAS E REDDING ATTY
PO BOX 924328
HOUSTON TX 77292-43288

If you prefer, you may write to us at the address shown at the top of the first page of this letter.

Whenever you write, please include this letter and, in the spaces below, give us your telephone number with the hours we can reach you. Also, you may want to keep a copy of this letter for your records.

Telephone Number ( )________________________ Hours________________

Sincerely yours,

Susan W. Carroll
Field Dir., Accounts Management

Enclosure(s):
Publication 1